954 F.2d 732
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Constance B. NEWMAN, Director Office of Personnel
Management, Petitioner,
v.
Paul ROATH and the National Federation of Federal Employees,
Respondents.
 Misc. No. 311.
 United States Court of Appeals, Federal Circuit.
 Oct. 24, 1991.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The Director of the Office of Personnel Management (OPM) pursuant to 5 U.S.C. § 7703(d) petitions for review of an arbitrator's August 3, 1990 decision, reconsideration denied on July 5, 1991, reversing the Department of Veterans Affairs' (VA) decision to remove Paul Roath. Neither Roath nor the National Federation of Federal Employees has filed a response.
 
 
 2
 Briefly, on May 19, 1986, Roath released a unit of blood even though he had doubts about the blood's compatibility with the patient's blood. On July 14, 1986, Roath interchanged the laboratory tests of an in-patient with those of an out-patient. On August 22, 1986, Roath was removed from his position as Medical Technologist, GS-9, at the Department of Veterans Affairs Hospital, Fargo, North Dakota, apparently based on three incidents of error.* Roath appealed his removal through the grievance procedure established in the union's collective bargaining agreement.
 
 
 3
 On August 3, 1990, the arbitrator issued his decision determining, inter alia, that (1) the VA proved its case by a preponderance of the evidence, (2) the VA did not commit harmful error in the application of its procedures as defined in 5 C.F.R. § 1201.56(3), (3) Roath's supervisors did not provide sufficient training or repetition of the tasks he was expected to perform, (4) Roath's shortcomings regarding the incidents stem more from the VA's failure to supervise than from Roath's conduct, (5) Roath was wrongfully discharged "according to any just cause standard of evaluation as required by the Contract," and (6) Roath was entitled to reinstatement at the GS-9 level. OPM petitioned the arbitrator for reconsideration of his decision. The arbitrator denied the motion, but reversed himself on the issue of harmful error, determining that the VA's failure to supervise was the "harmful error."
 
 
 4
 Pursuant to 5 U.S.C. § 7703(d) and § 7121(f), OPM may petition for review of an arbitrator's decision when it determines in its discretion that the arbitrator has erred in interpreting a civil service law, rule or regulation affecting personnel management and that such error will have a substantial impact upon civil service administration. This court must independently determine whether an exercise of discretionary jurisdiction is warranted. Devine v. Brisco, 733 F.2d 867 (Fed.Cir.1984). In cases where OPM is challenging an award made pursuant to arbitration, this court will exercise even greater scrutiny. Devine v. Sutermeister, 724 F.2d 1558 (Fed.Cir.1983). In particular, OPM must demonstrate to the court that the decision will have a substantial impact on the administration of the civil service. Brisco, 733 F.2d at 871; Sutermeister, 724 F.2d at 1566. If the decision involves a matter closely tied to the facts of the case, the requisite impact does not exist. Sutermeister, 724 F.2d at 1566.
 
 
 5
 With regard to the substantial impact requirement, OPM argues that the arbitrator's decision imposes a duty on the agency to "ensure competence with respect to every duty required of an employee prior to removing the employee for unacceptable performance." OPM argues that this shift of focus away from the employee's misconduct to the agency's alleged "contributory negligence" threatens to undermine the central purpose of the Civil Service Reform Act, which was "to ensure that managers would not be so frightened of the appeals process that they would turn a blind eye towards poor performance and inefficiency." OPM asserts that the arbitrator's decision "introduces uncertainty into every adverse action based upon poor performance" and has a "chilling effect" on managers inclined to take an adverse action against an employee.
 
 
 6
 We agree that jurisdiction should be exercised in this case. First, we note that neither Roath nor the union has opposed the petition. Second, OPM has made a strong threshold showing that the arbitrator may have erred. Third, the arbitrator failed to sufficiently explain the basis for the reversal of his previous determination that there was no harmful error. Fourth, OPM's petition raises for the first time the issue whether an agency's failure to provide adequate training constitutes a defense to employee misconduct.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 OPM's petition for review is granted.
 
 
 
 *
 While OPM attached the arbitrator's decision to its petition, the arbitrator's decision is unclear regarding the bases of removal. Unfortunately, OPM failed to attach copies of the VA's proposed removal and removal documents